UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ANTHONY J. BRODZKI,

        Plaintiff,

v.                                  Case No.  1:11-CV-301

STATE OF MICHIGAN,              HON. GORDON J. QUIST

        Defendant.

_____/

## OPINION

Plaintiff, Anthony J. Brodzki ("Brodzki"), has filed a one page complaint against the State of Michigan, alleging claims for a violation of 42 U.S.C. § 1983, "emotional infliction of stress, assault battery, and false imprisonment of the mind, and defamation, slander." The following is the entirety of Brodzki's factual allegations:

> The state patrol has impeded me, forced me to leave the state, on recent visits, called me on My [sic] cell phone and told me I was an undocumented pedophile and pulled my penis out in [sic] public place and was not welcome in the state. Both supposed acts occurred as 17 year old. I DID NOT COMMIT THESE CRIMES. The picture was supposedly of a male adult penis. He would be the pedophile. I am now 50 years old. Marshall Pearl Coyne, a Marshal in tetco, north Richmond Hills; Texas told me that it was back taxes time. This is outrageous, judge. . [sic] What lawmen are doing is criminal. 42 usc [sic] 1983 is their most direct crime. They are harassing me with what I supposedly did or did not do as a 17 year old minor, in Illinois. The unsheriff [sic] in Tarrant County told me that this campaign is true. Harris Barenboim, a psychologist, who I went to see because of this torture, said, police may be harassing you because they missed the boat, in their eyes with what you did as minor, and sometimes the law bands together to hurt people who need to be back taxed.

(Compl. at 1.)  For relief, Brodzki seeks damages in the amount of $5,000,000 and an injunction precluding all hostility against Brodzki, both electronic and personal.

On March 30, 2011, the magistrate judge issued an order granting Brodzki leave to proceed *in forma pauperis*.  Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which

relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to in forma pauperis proceedings"). The Court must read Brodzki's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). As set forth below, the Court concludes that Brodzki's complaint must be dismissed as required by § 1915(e)(2).

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Brodzki fails to state a claim under § 1983 because the State of Michigan is not a "person" under 42 U.S.C. § 1983 and therefore is not a proper defendant. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 109 S. Ct. 2304, 2308 (1989) (holding that "a State is not a person within the meaning of § 1983"); *Howard v. City of Detroit*, 73 F. App'x 90, 102 n.13 (6th Cir. 2003) ("To the extent that the plaintiffs seek monetary damages under § 1983 from the State of Michigan, this claim fails because a State is not a person against whom a § 1983 claim for money damages might be asserted." (internal quotations omitted)). Thus, Brodzki cannot maintain a claim under § 1983 against the State of Michigan.

Brodzki's claims against the State of Michigan are also subject to dismissal because under the Eleventh Amendment, the State of Michigan is immune from suit in federal court. "It is a fundamental principle of our federalism that the Eleventh Amendment bars suit against a state or one of its agencies in federal court without its consent." *Salt Lick Bancorp v. FDIC*, 187 F. App'x 428, 442 (6th Cir. 2006). This is true regardless of the relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 908 (1964). Because Michigan has not waived its immunity to suit under the Eleventh Amendment, *see Doe v. Wigginton*, 21 F.3d 733, 736-37 (6th Cir. 1994), Brodzki's complaint must be dismissed.

An Order consistent with this Opinion will be entered.


Dated:  April 20, 2011                                    _____/s/ Gordon J. Quist_____
                                                          GORDON J. QUIST
                                                          UNITED STATES DISTRICT JUDGE